# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:

__LACRETIA FLUELLEN__

*Full name(s) of Plaintiff(s)*

v.

__CITY OF PHILADELPHIA__

*Full name(s) of Defendant(s)*

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

CIVIL ACTION NO._____

This action is brought for discrimination in employment pursuant to (check only those that apply):

____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

__X__ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

__X__ Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

__X__ Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev. 10/2009)

-1-

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name: LaCretia Fluellen
Street Address: 6855 Ogontz Ave
County, City: Philadelphia
State & Zip: Pennsylvania, 19131
Telephone Number: (215) 779-6717 or (267) 505-617

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant Name: City of Philadelphia
Street Address: 1515 Arch street 14th Floor Office of Risk Management
County, City: Philadelphia
State & Zip: Pennsylvania, 1910
Telephone Number:

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: City of Philadelphia-Board of Pensions and Retirement
Street Address: 1500 JFK BLVD. 16TH FLOC
County, City: PHILADELPHIA
State & Zip: Pennsylvania, 1910
Telephone Number:

II. **Statement of the Claim**

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

____ Failure to hire me

_X_ Termination of my employment

_X_ Failure to promote me

-2-

    __X__    Failure to reasonably accommodate my disability

    ____    Failure to reasonably accommodate my religion

    __X__    Failure to stop harassment

    __X__    Unequal terms and conditions of my employment

    __X__    Retaliation

    __X__    Other (*specify*): Public Defamation

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B.     It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) April, (day) 8, (year) 2019.

C.     I believe that the defendant(s) (check one):

    __X__    is still committing these acts against me.

    ____    is **not** still committing these acts against me.

D.     Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

    ____  race _____    ____  color _____

    ____  religion _____    ____  gender/sex _____

    ____  national origin _____

    __X__  age    My date of birth is 1967 (*Give your date of birth only if you are asserting a claim of age discrimination*)

E.     The facts of my case are as follow (*attach additional sheets of paper as necessary*):

1. Petitioner was removed from her Promotion due to her Disability.
2. Petitioner was placed in an Job that did not accommodate her disabilities
3. Petitioner was not paid her correct Promotion/Hiring Salary.
4. Petitioner was Terminated from 2 Employment Departments without required Notice
5. Petitioner was bypassed in Hiring list due to the Disability Discrimination
6. Petitioner was defamed through an Public Website that is owned by an 3rd Party Vendor for Employe by posting Termination Status from 2: Departments and Incorrect Salary Amounts
(Please see Additional Claim Attachment

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

**III.   Exhaustion of Administrative Remedies:**

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: __July 2022_____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

   ____   has not issued a Notice of Right to Sue Letter.
   _X_   issued a Notice of Right to Sue Letter, which I received on _____ *(Date)*.

**NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C.   *Only plaintiffs alleging age discrimination must answer this question.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   _X_   60 days or more have passed.
   ____   fewer than 60 days have passed.

D.   It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: __January 2023_____ *(Date)*.

E.   Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct *(check one)*:

   ____   One year or more has passed.
   _X_   Less than one year has passed.

-4-

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

    ____    Direct the defendant to hire the plaintiff.

    _X_    Direct the defendant to re-employ the plaintiff.

    _X_    Direct the defendant to promote the plaintiff.

    _X_    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    ____    Direct the defendant to reasonably accommodate the plaintiff's religion.

    _X_    Direct the defendant to (*specify*): Award Back Pay, Disability Benefits, Pay Medical Bills, Correction Pension records according to the relief

    _X_    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    _X_    Other (*specify*): Monetary Award for Defamation, of Character

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 16 day of February , 20 23

                Signature of Plaintiff  *[signature]*
                Address  6855 Ogontz Ave.
                                PHILADELPHIA PENNSYLVANIA 191__

                Telephone number  (215) 779-6717 or (267) 505-61_
                Fax number (*if you have one*)

**COMPLAINT FOR  AGE AND DISABILITY DISCRIMINATION, WRONGFUL TERMINATION, WAGE THEFT, HARASSMENT, RETALIATION AND DEFAMATION**



**FACTS OF PETITIONER'S CLAIM REGARDING  DISABILITY and AGE DISCRIMINATION, WAGE THEFT, WRONGFUL TERMINATION  HARASSMENT,  RETALIATION, and DEFAMATION**


1. **BOARD OF PENSIONS and Retirement**

   **April 8th of 2019, Petitioner began her Promotional Assignment with the Board of Pensions and Retirement. I was assigned to the DROP Unit. Her duties included, Investigation of Employee Records for Pension Estimates,  Approval/Disapproval of Employees wanting to join the City of Philadelphia's  DROP Program. This assignment was noted in the Personnel records as an Departmental Transfer. Based upon Petitioner's Tenure with the City of Philadelphia , her salary adjustment was equivalent to an Clerk 3 Step 4, which was $ 42,196.00. The Board of Pensions and Retirement refused to pay Petitioner her assigned Salary, and instead Paid her at the Clerk 3 Step 1 salary of $ 38,634.00. Petitioner was also to receive her longevity pay in May 2019, and an Union Increase in her Salary of 3 percent in July 2019. Petitioner reached out to the Human Resources Department and spoke with Sheila Pate, Administrator of Human Resources. She informed me she would look into the situation and get back with me. Petitioner presented FMLA paperwork, informing the Board of Pensions and Retirement of her Restrictions. Petitioner was actively involved in Physical Therapy Sessions. Upon Satisfactory Completion of her 2 Month and 5 Month Evaluations, Petitioner learned that her assigned Salary was changed by Sheila Pate to reflect the Lower Salary. No notice or reason from Mrs. Pate was given. On September 10, 2019, I received an email from my Supervisor Pamela Dent informing me that the time I was taking off for Physical Therapy was Unsatisfactory and I needed to work on limiting my time off. After informing her of my FMLA for this time. I received an Email from the Administrator of my Department Stacey White,  informing that my attendance at an meeting that was to take place on September 13, 2019, was required.  At this meeting, I received an Probationary Rejection of Employment for the Department.  Reasons given were refusal to use an calculator, refusal to write out Mathematical Formulas, requesting information regarding an Employees file from an Supervisor that was responsible for Monetary Pension Adjustments. This Rejection listed Sheila Pate as the Administrative Director for investigating Claim**

bought against me. No Investigation was done nor opportunity for Petitioner to refute this Rejection. Sheila Pate signed this Rejection and removed Petitioner from the Hiring List. The Board of Pensions and Retirement informed Petitioner to return to her prior assignment with the Free Library.  The Board of Pensions and Retirement continued to pay Petitioner her salary while working for the Free Library of Philadelphia. In August of 2022, while attempting to obtain Information for an EEOC Complaint, Petitioner learned through the Civil Service Regulations that the Probationary Rejection given by the Board of Pensions and Retirement was invalid due to Petitioner remaining on the payroll and being paid by the Board of Pensions and Retirement,  also an  30 Day Civil Service rule allowing Petitioner to challenge the Probationary Rejection. This rule was changed effective 2020. No action was to be taken by Sheila Pate regarding the Rejection until after the 30 Days had passed.

 Due to payments made to Petitioner by the Board of Pensions and Retirement, while working for the Free Library, Petitioner became an Permanent Employee of the Board of Pensions and Retirement on October 7, 2019. The Board of Pensions and Retirement never informed Petitioner of her Permanent Employee status nor returned her to her job in the Department.  They instead Terminated her Employment from the Board of Pensions and Retirement and did not provide any paperwork regarding their Termination of her  from the Department dated November 1, 2019.  Petitioner did find out in August of 2022, through an Public Website, that is an 3rd party software Vendor for the City of Philadelphia called OPENGOVUS.COM, that her position was Terminated effective November 1, 2019, the day she resigned from the Free Library.  The Board of Pensions and Retirement have displayed Disability and Age Discrimination, Wage Theft, Harassment, and Retaliation against Petitioner for filing claims against them with the Mayor's Office of Labor Relations, The Department of Labor and the EEOC.

2. **FREE LIBRARY OF PHILADELPHIA**
   **The Free Library of Philadelphia did hide their knowledge that Petitioner was still an Clerk 3 under the Board of Pensions and Retirement upon her return to their Organization.  The Free Library of Philadelphia was aware of Petitioner's Pre existing conditions and her prior Sedentary position within their Organization. They did have an open Sedentary Clerk 3 Position, that Plaintiff could have been placed. The Supervisors of the assigned Health and Wellness  Department also allowed an employee of another department, whom was ranked under my Job Status as an Clerk 3, to Verbally and Physically harass me. They allowed this employee to increase the Workload of this Department by removing books and placing them on Carts. This increase was equivalent to going from processing 100 books a week to 400 Books a week. The Free Library of Philadelphia, did make an attempt to lower my Salary, after they became aware of my Permanent Status with the Board of Pensions and Retirement. They have never given  Petitioner Notice of her rights to obtain Workman's Compensation for her 3 illnesses that occurred while working for their Organization, with the last Workplace incident occurring  October 12, 2019. Nor did they report any of her workplace injuries or incidents as required by law. Upon Petitioner realizing that she could apply for Workman's Compensation, The City of Philadelphia denied 1 of Petitioner's claims due to the 3 year Statute of Limitations. Petitioner learned in August 2022, that The Free Library of Philadelphia has also listed Petitioner's Employment Status as Terminated effective November 1, 2019 on the OPENGOVUS.COM Public Website. Although her resignation from this Department on November 1, 2019, was signed by an Human Resources Administrator.**
   **The Free Library of Philadelphia has displayed Disability Discrimination, Harassment, and Defamation against Plaintiff.**

*3.* **DEPARTMENT OF HUMAN RESOURCES FOR THE CITY OF PHILADELPHIA**

BETWEEN 2015-2021, Petitioner was listed on the Hiring list for the Clerk 1 Supervisor. Although her rank was high enough to be interviewed she was not given the Opportunity to Interview for this Position, March of 2021, was the Expiration date of the last hiring list. An opportunity to apply for an Clerk Supervisor 2 position was rejected due to her not being an City Employee, and that she did not have any Specialized Clerical Background. Although her Employment record showed that she was an Health Insurance Agent for several states within the United States including Pennsylvania. Proof Documentation was sent via email, notating her resignation from the Free Library on November 1, 2019 and her Promotional Rejection from the Board of Pensions and Retirement effective September 16, 2019. Sheila Pate is an Human Resources Administrator. Sheila Pate did lower my assigned Salary, while at the Board of Pensions and Retirement, Remove Petitioner from her Position with the Board of Pensions and Retirement, remove Petitioner from the Clerk 3 Hiring List and Terminate Petitioner's Permanent Employee Status with the Board of Pensions and Retirement, against Civil Service Regulations. In August of 2020, Petitioner was allowed to test for the Clerk 3 Position that was open to only employees of the City of Philadelphia. Petitioner passed this test and was placed on the Hiring list. In June of 2022, Petioner was emailed by an member of the Human Resources Department, with Sheila Pate CC'D in the email offering employment opportunity with the Department of Human Resources. I accepted this offer and received an email at the end of the Work day informing Plaintiff that the offer was being rescinded due to my Status as not employed by the City of Philadelphia. The behavior of Mrs. Pate's involvement in Petitioner's employment is Discriminatory in Nature. She has used her Authority to Harass Plaintiff as an Employee and continued Harassing Plaintiff after her Removal of Plaintiff's Permanent Employee Status. The City of Philadelphia's Department of Human Resources, has erected Discriminatory Practices against Petitioner related to Disability and Age Discrimination, Harassment, Wage Theft, Retaliation and Defamation.

**RELEVANT BACKGROUND INFORMATION OF THE CASE**

**LaCretia Fluellen, began her employment with the CITY OF PHILADELPHIA, in 2011. As an Client of the Welfare to Work Program put in place by the , Mayor's Office of Community Service(MOCS). She obtained an Opportunity to Interview for an Position, as an 311 Operator. Upon offer and Acceptance of this Position, Petitioner started her training Class. After completion of 1 week of Training, she was informed by the Director of 311, that the MOCS program would be responsible to pay her salary. She was also informed that she would not be paid the rate of $ 18.00 an hour and instead would be paid an rate of $ 7.25 an hour. Petitioner declined this employment position, and worked under the MOCS Program for 6 Months before obtaining Employment as an Health Insurance Agent for the State of Pennsylvania. In FEBRUARY of 2014. Petitioner was hired from the Clerk 1, eligibility list as an LIBRARY ASSISTANT 1 and began working at the West Oak Lane Library, until her Transfer to the Parkway Central Library in September of 2015, in order to Satisfy Accommodations she required due to an Non work related issue of Broken Toes in her foot. In February of 2016, she became sick at work and presented to the Emergency Department of Einstein Hospital 3 days later with an Diagnosis of Acute Diverticulitis with an tear in her Intestines. Petitioner was out of Work until the end of March 2016, and was placed on work restrictions. Claimant again was out of Work without pay from July 2016 thru September 2016, for Surgery of the above referenced Health Issue. Upon her return to work, her Department was changed to again adhere to health restrictions.  In October 2018, Petitioner was informed by her Supervisor, that an Gun was found on the Work Premises, with belief that it was placed there by an Coworker, whom I had written an Complaint about. Petitioner, reached out to the Office of Labor Relations, whom confirmed that an Weapon was found in an employee area of the Parkway Central Library. My assignment was changed to the General Information department, which is  down the Hall from my assigned Department. No action was taken against the accused employee. On December 27, 2018,  Petitioner had an Trip and Fall Accident , while at work due to an Coat rack and Flatbed hand truck that was left outside the doorway of the General Information Department. Petitioner suffered from an exasperation of her pre-existing health issues and obtained an New Paraspinal Injury. As of April 2019, Petitioner was on 3 Promotional hiring lists for an Library Assistant 2, Clerk 1 Supervisor and an Clerk 3 position. Petitioner interviewed and was hired as an Clerk 3 for the Board of Pensions and Retirement. Petitioner filed an Claim of Discrimination with the Office of Labor Relations, and was sent back to the library, pending investigation. Petitioner was assigned to the Health and Wellness Department as the only library Assistant for that Department.  On October 12, 2019, Petitioner, while working Overtime at the Ogontz Library had an Acute exasperation of her health issues and was transported to the emergency room from Work by Ambulance. Diagnosis given was an acute Epigastric episode that is related to her disease of the Intestines. Petitioner was out of Work until November 1, 2019, when she resigned her position from the Free Library of Philadelphia.**

**The above related incidents show Age and Disability Discrimination Harassment, Retaliation and Defamatory Practice upon my person as it relates to Workplace Injuries and Illnesses, hiring promotions and their effects on my employment with the City of Philadelphia. These actions have erected an Financial Hardship upon Petitioner. I would like the following results from this Complaint:**

**LaCretia Fluellen**

**6855 Ogontz Ave**

**Philadelphia, Pennsylvania 19138**

**(215) 779-6717 or (267) 505-6170**